**JIAN HUA CHEN, Petitioner,**

v.

**Peter D. KEISLER \*, Attorney General, Respondent.**

No. 03–71266.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2007.\*\*

Filed Sept. 26, 2007.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

331

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Hagatna, GU, Rena I. Curtis, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM ***

Jian Hua Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) decision, affirming the immigration judge's (IJ) order denying his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA reviews the IJ's order de novo, we review the decision of the BIA. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). We review for substantial evidence, *see Sagaydak v. Gonzales,* 405 F.3d 1035, 1041 (9th Cir.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2005), and we deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the BIA's conclusion that Chen's testimony was not detailed enough to support a finding of past persecution or a well-founded fear of future persecution. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (requiring credible, direct and specific evidence in the record); *Cardoza–Fonseca v. INS*, 767 F.2d 1448, 1453 (9th Cir.1985) ("applicant's testimony will suffice if it is credible, persuasive, and refers to *specific* facts that give rise to an inference that the applicant has been or has a good reason to fear that he or she will be singled out for persecution on one of the specified grounds") (quotations omitted) (emphasis in original). Chen's declaration and testimony provided no specific information about the location, dates, and content of Chen's anti-government speeches or the posters he created and displayed. Thus, the evidence does not compel us to reach a contrary result.

■ Substantial evidence also supports the BIA's finding that Chen failed to show that he was arrested on account of one of the five enumerated grounds necessary for asylum. The BIA's conclusion that Chen was arrested because he assaulted his supervisor is supported by the letter from Chen's father and Chen's testimony that he had "pushed" the team leader and was told later by the police that the team leader was "in ditch" and injured.

■ We lack jurisdiction to review Chen's due process claim concerning the IJ's decision because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (not-

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

ing that due process challenges that are "procedural in nature" must be exhausted). Chen's contention that the BIA's decision lacks cogency and rationality is not supported by the record. The BIA considered all the evidence and adequately explained its decision which is supported by substantial evidence.

■ Because Chen failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**